[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
A Decree of Dissolution was entered in this matter on April 14, 1988 (Tierney, J.) Both parties were represented by counsel at that time.
The plaintiff now appears pro se to pursue her Motion for Contempt and Reformation dated June 8, 1990. The defendant also appeared and was represented by counsel.
Re: Life Insurance
The parties agreed and it was subsequently ordered by the court that the husband transfer the ownership of the United Service's Life Insurance policy in the amount of $100,000 to the wife. This was accomplished by the husband. The decree and the transcript are silent as to the payment of any premiums in connection with this policy. The defendant's financial affidavit, filed at the time of the dissolution, listed this policy as having a cash value of $5,471.00. The plaintiff's affidavit listed this policy but had no cash value.
The court looks upon this as a property assignment and thus, not subject to Modification even with respect to the payment of premiums. The defendant has complied with the order of the court with respect to the transfer of the ownership of the life insurance policy and no contempt is found.
Re: Will
At the time the decree of dissolution was entered, both counsel placed an oral agreement on the record. The court (Tierney, J.) approved the agreement as it was read into the record and ordered it incorporated by reference in the decree of dissolution.
The oral agreement of the parties as placed on the record and approved by the court, provided that each party would execute a will leaving at least one-half of their estate to their children divided equally between them, plus any real estate.
At the time the plaintiff filed this instant motion dated June 8, 1990, the defendant had not as yet executed a will with this provision.
The defendant has now presented a copy of his executed will, dated August 14, 1990, containing a provision that did not comply in all respects with the oral agreement of the parties as placed on the records and approved by the court.
The defendant's will does comply with the language contained in the judgment file which was signed by counsel for CT Page 1967 each party. The original judgment file is not contained in the court's file and it is not clear to this court whether Judge Tierney ever signed the original judgment file.
This court finds that the judgment file is merely a clerical document and the pronouncement by the court of the provisions of the oral agreement is the judgment. Noethe v. Noethe, 18 Conn. App. 589. The oral agreement presented by the parties on April 14, 1988 at the time of the dissolution, which agreement was approved by the court and entered as an order, is the judgment of the court. The judgment file, whether signed by mistake, inadvertence or omission was not the result of the judicial function.
The oral agreement approved by the court provided that the parties would leave at least one-half of their estate to their children plus any real estate they may have.
The judgment file provided that the parties would leave at least one-half of their estate to their children, including any real estate they may have.
It is ordered that the defendant shall execute a will leaving one-half of his estate to their two children plus any real estate that he may have. The work "including" was not part of the oral agreement approved by the court.
The court makes no finding of contempt as the court finds that the defendant did not knowingly and willfully violate an order of this court.
No counsel fees are awarded to either party.
COPPETO, J.